```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
────────────────────────────────
MARILYN M. CAMARDELLA,

                Plaintiff,                    21-CV-9804 (BCM)

        -against-                             ORDER

ACTING COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/5/2024

**BARBARA MOSES, United States Magistrate Judge.**

Now before the Court is plaintiff's motion dated January 16, 2024 (Pl. Mot.) (Dkt. 26), seeking an order pursuant to § 206(b) of the Social Security Act (the Act), 42 U.S.C. § 406(b), approving an award of $43,058.98 to her attorney, payable out of her past-due disability benefits, for the work that counsel performed in this action. For reasons that follow, plaintiff's motion will be granted.

Marilyn M. Camardella filed this action against the Commissioner of the Social Security Administration (Commissioner) in 2021 to challenge the denial of her application for disability benefits. The parties consented to my jurisdiction for all proceedings. (Dkt. 10.) In August 2022, the parties stipulated to remand the case to the Social Security Administration (SSA) for further proceedings. (Dkts. 16-18.) In October 2022, the Court so-ordered the parties' stipulation awarding plaintiff $10,000 in fees to be paid to her counsel (plus reimbursement of $402 in costs, representing plaintiff's filing fee) pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (Dkt. 25.) On November 16, 2023, an Administrative Law Judge rendered a decision in plaintiff's favor, and on December 13, 2023, the SSA issued a Notice of Award advising plaintiff that she would receive past-due benefits as well as a monthly benefit check going forward. Binder Aff. (Dkt. 28) ¶ 5 & Ex. C, at ECF pp. 7-12 (Notice of Award).

Under § 406(b), a federal district court that has rendered a judgment "favorable to the claimant" in a case brought under the Act may award a fee of up to 25% "of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). In accordance with the statute, plaintiff executed a Retainer and Assignment agreement with her counsel, entitling Charles E. Binder & Harry J. Binder Attorneys at Law, LLP (Binder & Binder) to a contingency fee of 25% of "any back due benefits due to me and my family," subject to "approv[al] by a reviewing federal court." Binder Aff. Ex. A, ¶ 3.

"Once a successful claimant receives notice of the Commissioner's award on remand," the claimant has "the fourteen days afforded by [Fed. R. Civ. P.] 54(d)(2)(B) to file a § 406(b) motion for attorney's fees." *Sinkler v. Berryhill*, 932 F.3d 83, 87 (2d Cir. 2019). However, an untimely motion under Rule 54(d) "can be excused where the Court finds that the delay was attributable to 'excusable neglect.'" *Marrero v. Comm'r of Soc. Sec.*, 2022 WL 4774799, at *2 (S.D.N.Y. Oct. 3, 2022) (citing *Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 226-28 (2d Cir. 2004)).

Here, the SSA's Notice of Award, addressed to plaintiff, is dated December 13, 2023 – more than a month before the instant fee motion was filed. Plaintiff's counsel states (in his brief, not in his affirmation) that because his copy of the Notice of Award was mailed to his firm's "prior address," and then forwarded to the firm's current address, the Notice of Award was not received until January 2, 2024, which was exactly fourteen days before the instant motion was filed. Pl. Mem. (Dkt. 21) at 3; *see also* Binder Aff. Ex. C, at ECF p. 15 (photocopy of envelope from SSA, with a forwarding sticker showing an address in Islandia, NY).

Counsel does not state whether plaintiff Camardella received her own copy of the Notice of Award timely, nor whether she notified counsel when she received it. *Cf. Marrero*, 2022 WL 4774799, at *2 (excusing tardy filing of § 406(b) fee motion where counsel attested that he was

2

traveling when the notice of award was issued *and* that his client failed to inform him about the award.). Thus, Binder & Binder's showing of excusable neglect is both unsworn and fairly skimpy. Nonetheless, recognizing that excusable neglect "is an 'elastic concept' that is 'at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission,'" *Tancredi*, 378 F.3d at 228 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392, 395 (1993)), the Court will exercise its discretion to "enlarge th[e] filing period" because "circumstances warrant" doing so. *Sinkler*, 932 F.3d at 89; *see also Marrero*, 2022 WL 4774799, at *2 (collecting cases).

The Commissioner has filed a letter "neither support[ing] nor oppos[ing] counsel's request" for fees under § 406(b). (Dkt. 30 at 1.)

Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Rather, the statute "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* "Factors to be considered when determining whether an award is reasonable include: (a) whether the contingency fee is within the twenty-five percent limit; (b) whether the retainer was the result of fraud or overreaching by the attorney; and (c) whether the attorney would enjoy a windfall relative to the services provided." *Pelaez v. Berryhill*, 2017 WL 6389162, at *1 (S.D.N.Y. Dec. 14, 2017) (internal citations and quotation marks omitted), *report and recommendation adopted*, 2018 WL 318478 (S.D.N.Y. Jan. 3, 2018); *accord Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990). Here, those factors weigh in favor of the award requested by plaintiff.

3

The award that plaintiff requests represents no more than 25% of plaintiff's past-due benefits.[1] Further, there is no suggestion in the record that the Retainer and Assignment was the result of fraud or overreach. Thus, the only remaining question is whether the award is so large as to be a windfall.

Counsel's time records indicate that attorneys Daniel S. Jones and Charles E. Binder recorded 44.7 hours on this action, primarily devoted to reviewing the 2296-page administrative record (*see* Dkt 8), preparing plaintiff's motion for judgment on the pleadings (*see* Dkt. 14), and negotiating settlement. Binder Aff. Ex. B.[2] The total hours, divided into the $43,058.98, imply a *de facto* hourly rate of $916. Although such a rate might look high in a social security case, if analyzed "as part of a traditional 'lodestar' analysis," the courts have made it clear that "a 'lodestar' analysis does not apply" in § 406(b) applications. *Baron v. Astrue*, 311 F. Supp. 3d 633, 637 (S.D.N.Y. 2018). "[E]ven a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case." *Fields v. Kijakazi*, 24 F.4th 845, 854 (2d Cir. 2022). Before reducing a fee award on "windfall" grounds, our Circuit requires that the court consider the four factors enumerated in *Fields*. *Id.* at 854-56.

I have considered the *Fields* factors – the ability and expertise of the lawyers, the nature of the professional relationship, plaintiff's satisfaction, and the uncertainty of the litigation, *see Fields*, 24 F.4th at 854-56 – and conclude that the requested award is not a windfall. *See id.* 856 n.10 (awarding fees for attorneys Jones and Binder at a *de facto* hourly rate of $1,556.98, and

---

[1] The SSA did not disclose the amount of plaintiff's past-due benefit award, but it explains that the agency "cannot withhold more than 25 percent of past-due benefits to pay an authorized fee" and has "withheld $43,058.98." Binder Aff. Ex. C, at ECF p. 11. Accordingly, I am convinced that $43,058.98 represents no more than 25%.

[2] The Commissioner never filed any opposition to plaintiff's motion. Instead, on the day before the Commissioner's opposition papers were due, the parties filed their remand stipulation.

collecting cases). As the Second Circuit recently noted, "there is no doubt that Binder & Binder's specialization and expertise enabled them to operate especially efficiently." *Id.* at 854. Here, counsel states (again, only in his brief) that Binder & Binder represented plaintiff "over an extended period of time, since May 2019," Pl. Mem. at 3, and the record shows that she ultimately obtained benefits. There is no evidence that plaintiff was not satisfied with her counsel's representation. With regard to the "uncertainty" factor, there is never any guarantee that a contingency case will be successful. "Lawyers who operate on contingency – even the very best ones – lose a significant number of their cases and receive no compensation when they do." *Fields*, 24 F.4th at 855.

Accordingly, I conclude that the $43,058.98 now requested is reasonable in this case. As acknowledged by counsel, *see* Pl. Mem. at 2, upon receipt of the § 406(b) award, Binder & Binder must remit, to their client, the amount the Court already awarded for fees under EAJA ($10,000). *See Gisbrecht*, 535 U.S. at 796 ("Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'") .

Consequently, plaintiff's motion is GRANTED. The Commissioner is authorized to award Binder & Binder the sum of $43,058.98, pursuant to § 406(b). Upon receipt of this sum, counsel is directed to refund to plaintiff Camardella the sum of $10,000, previously awarded under EAJA.

Dated: New York, New York
April 5, 2024                    SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**